FILED _____ LODGED
_____ RECEIVED

Nov 20, 2025

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

Magistrate Judge David W. Christel

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>DEAN WADE EMERSON,<br><br>Defendant. | CASE NO.    MJ25-5431<br><br>COMPLAINT for VIOLATION<br><br>Title 21, U.S.C. Sections 841(a)(1), 841(b)(1)(B), and 841(b)(1)(C) |

BEFORE, David W. Christel, United States Magistrate Judge, U. S. Courthouse, Tacoma, Washington.

The undersigned complainant being duly sworn states:

**COUNT ONE**

**(Possession of Methamphetamine with Intent to Distribute)**

On or about August 7, 2025, in Pierce County, Tacoma, within the Western District of Washington, DEAN WADE EMERSON did knowingly and intentionally possess, with the intent to distribute, a controlled substance, including: methamphetamine

Complaint - 1
*United States v. Emerson*
USAO No. 2025R01157

UNITED STATES ATTORNEY
1201 Pacific Ave., Suite 700
Tacoma, Washington 98402
(253) 428-3800

and N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (Fentanyl), substances controlled under Title 21, United States Code.

It is further alleged that the offense involved 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers.

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 841(b)(1)(C).

I, Drug Enforcement Administration (DEA) Task Force Officer Andrew Hall, being first duly sworn on oath, depose and say:

## INTRODUCTION

1.    I am employed as a commissioned Detective for the City of Lakewood Police Department and a Task Force Officer (TFO) with the Drug Enforcement Administration (DEA). Accordingly, I am an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516.  I have been so employed as a Police Officer/Detective for over twenty years. I am currently assigned to the Tahoma Narcotics Enforcement Team with DEA.

2.    Prior to being assigned to the DEA, I was assigned to the Lakewood Police Department's Patrol Division, Traffic Unit and Lakewood Special Operations Unit. I graduated from the Washington State Basic Law Enforcement Academy.

3.    By virtue of my assignment, I have conducted a variety of investigations into violations ranging from simple possession of narcotics to complex international conspiracies. Because of this experience and training, I am familiar with common methods of investigating drug trafficking organizations (DTO), and have become familiar with the methods of operation of drug traffickers, including, but not limited to, their methods of importing, exporting, storing, concealing, and packaging drugs; their methods

Complaint - 2
*United States v. Emerson*
USAO No. 2025R01157

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

of transferring and distributing drugs; their use of cellular telephones, and other electronic means of communication to further their narcotics trafficking activities; and their use of numerical codes, code words, counter-surveillance, and other methods of avoiding detection by law enforcement. I am also familiar with the various methods of packaging, concealing, delivering, transferring, laundering, and expatriating drug proceeds.

4.     I have planned, participated in, and supervised the execution of numerous search warrants authorizing the search of locations associated with narcotic traffickers and their co-conspirators, such as residences, businesses, storage facilities, outbuildings, and vehicles. Most commonly, these warrants authorize the search of locations ranging from the residences of drug traffickers and their co-conspirator/associates to locations used to manufacture, distribute, and hide narcotics and drug proceeds. Materials searched for and often recovered in these locations include packaging materials, manufacturing items, scales, weapons, documents, and papers reflecting the distribution of controlled substances and the identity of co-conspirator associates, and papers evidencing the receipt, investment, and concealment of proceeds derived from the distribution of controlled substances.

5.     I have testified and written reports in the course of investigations. These investigations have resulted in state and federal prosecutions of individuals who have possessed, imported, or distributed controlled substances, including cocaine, methamphetamine, heroin, and prescription medications, as well as the seizure of those illegal drugs and the proceeds from their sales. I am engaged in an investigation of the aforementioned criminal suspect(s) for participation in the above-listed crime(s). This Affidavit is based on information I have gained from my own investigation, personal observations, training, and experience, as well as information related to me by other detectives, police officers, and/or federal agents through oral and written reports. This

Complaint - 3
*United States v. Emerson*
USAO No. 2025R01157

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

Affidavit is made for the purpose of establishing probable cause for this Complaint and thus does not include each and every fact known to me concerning this investigation.

### SUMMARY OF PROBABLE CAUSE

6. On August 7, 2025, at approximately 5:00 a.m., members of the Lakewood Police Department's Specialized Response Team (SRT) executed a narcotics search warrant at 401 116th Street, Parkland, Washington. The single-family residence is divided into three individual dwelling spaces (triplex) – A, B, and C. EMERSON resides in Unit A. The warrant was obtained following an investigation conducted by the Lakewood Police Department's Special Operations Unit into the residence and primary suspect, Dean EMERSON. The search warrant was authorized on August 4, 2025, by Pierce County Superior Court Judge Matthew H. Thomas.

7. Upon arrival, SRT members made contact at the residence and safely detained EMERSON after announcements were made and he exited the residence. Officers located two additional females sleeping inside the residence. Once the scene was secured, investigators from the Lakewood Police Department, along with agents from the DEA Tahoma Narcotics Enforcement Team (TNET), entered the residence to assist with the investigation and search.

8. Lakewood Police Officer Moffitt interviewed EMERSON while he was seated in the back of a marked patrol vehicle. After being advised of his Miranda rights, which he waived, EMERSON acknowledged the presence of narcotics in the residence. He stated, "I'm guessing somebody told you there were drugs here," and admitted to selling narcotics to support his and others' drug habits. EMERSON disclosed that he typically sells methamphetamine at a rate of $150 per ounce. Initially, he claimed there was less than an ounce of methamphetamine and some fentanyl inside the residence, but later revised his statement, indicating there was approximately one pound of methamphetamine in his room.

Complaint - 4
*United States v. Emerson*
USAO No. 2025R01157

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

9.    EMERSON identified the only bedroom in Apartment A as his and stated that methamphetamine and fentanyl could be found in the top drawer of his nightstand. EMERSON advised there may be a firearm (pistol) inside his bedroom but he was uncertain. EMERSON admitted to not having legitimate employment but later contradicted himself by claiming to have earned money doing odd jobs on vehicles. When asked about cash in the room, EMERSON estimated there might be between $1,500 and $2,500.

10.    During the initial phase of the search, officers located a loaded .45 caliber magazine (containing 10 rounds of .45 caliber ammunition), an additional unloaded magazine, and multiple individual baggies containing a clear substance believed to be methamphetamine in a room belonging to EMERSON. The search was paused, and an addendum to the original warrant was submitted to include firearms and ammunition. This addendum was authorized by Pierce County Superior Court Judge Dee Sonntag.

11.    The search then resumed. Inside EMERSON's bedroom, Sgt. Clark and Detective Hall located individually packaged methamphetamine (later field tested positive) and a small baggie of suspected fentanyl (later field tested positive) in the nightstand. Additional individually packaged baggies of a crystal-like substance, consistent with methamphetamine, were also found in the nightstand. Detective Hall discovered a black box containing approximately 453 grams (packaged weight) of methamphetamine (later field tested positive), a bottle of methadone, suboxone strips, and $1,000 in cash. The methamphetamine was divided into sixteen 1-ounce baggies, consistent with distribution practices.

12.    Further items recovered from EMERSON's bedroom include:

- $520 in cash from EMERSON's wallet
- Additional packages of methamphetamine
- A metal case containing $229.82 in coins
- Two pistol magazines (one loaded, one unloaded)

Complaint - 5
*United States v. Emerson*
USAO No. 2025R01157

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

- A hand safe
- A digital scale
- Packaging materials (plastic Ziploc sandwich baggies) commonly used for narcotics distribution
- A plate with white powder residue

13.     The total amount of cash seized was $1,795.82. The total weight of methamphetamine recovered was approximately 1.37 pounds. Additionally, 22.68 grams of fentanyl was located in the nightstand. Both substances tested positive using field test kits.

14.     All narcotics, currency, packaging materials, digital scale, refrigerator, safe, magazines, and other evidence were turned over to Lakewood Police Department Evidence Technicians for processing and booking into evidence.

15.     EMERSON was transported to the Pierce County Jail and booked into custody.

//

//

//

//

//

//

Complaint - 6
*United States v. Emerson*
USAO No. 2025R01157

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

## CONCLUSION

16.     Based on the above facts, I respectfully submit that there is probable cause to believe that EMERSON committed the aforementioned offenses.

_____
Andrew Hall, Complainant
Task Force Officer
Drug Enforcement Administration


Based on the Complaint and Affidavit sworn to before me, and subscribed in my presence, the Court hereby finds that there is probable cause to believe the Defendant committed the offense set forth in the Complaint.


Dated this _20th_ day of November, 2025.


_____
David W. Christel
United States Magistrate Judge

Complaint - 7
*United States v. Emerson*
USAO No. 2025R01157

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800